said in Jones v. State, 156 Tex.Cr.R. 2, 238 S.W.2d 529, 530:

> "We think it clear that the legislature intended by this statute to make punishable the fondling of the sexual part of a child under 14 with a lewd and immoral intent on the part of the accused to indulge in lust or sexual impurity."

We conclude that the statute sufficiently defines and creates an offense.

Appellant contends that the offense here charged cannot be sustained on the ground that the state's testimony shows that the intent of the appellant was to commit an act of sodomy instead of the offense of indecent fondling.

 There is an abundance of testimony affirmatively showing the fondling with lascivious intent of the boy's penis by the appellant. The fact that the testimony relied upon by the state to show indecent fondling of a child's sexual parts also developed facts which constitute another independent crime does not prevent the conviction for the offense on trial. Hence the contention is overruled. 12 Tex.Jur. 560, Sec. 241; Mimms v. State, 145 Tex.Cr.R. 456, 169 S.W.2d 165; Ward v. State, 148 Tex.Cr.R. 186, 185 S.W.2d 577.

It is insisted that from all the facts and circumstances surrounding the commission of the offense here charged that the appellant was assessed a punishment which was unusual, cruel, and excessive in view of his voluntary recent use of intoxicating liquor to the extent that he was temporarily insane, there being no showing of injury to the boy, and the maximum penalty for the offense of sodomy being fifteen years whereas the maximum penalty for the offense of indecent fondling is twenty-five years.

Appellant waived his right of trial by jury and consented for the court to hear, consider, and assess the punishment. The record shows that after he entered his plea of guilty, he was then admonished by the court as to the nature and consequences of such plea before it was accepted. The extent of the punishment to be assessed so long as within the statute rests solely with the trial court. The punishment assessed was within the limits authorized by law. Under the facts we perceive no error in the amount of punishment assessed. 12 Tex.Jur. 802, Sec. 409; White v. State, 154 Tex.Cr.R. 497, 498, 228 S.W.2d 183.

We find the evidence sufficient to sustain the conviction. No reversible error appearing the judgment is affirmed.

Opinion approved by the Court.

**A. D. HEATON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 28409.**

Court of Criminal Appeals of Texas.

June 20, 1956.

No attorney for appellant.

Leon B. Douglas, State's Atty., Austin, for the state.

PER CURIAM.

The conviction is for the offense of driving while intoxicated; the punishment, three days in jail and a fine of $100.

In the absence of a bond or recognizance on appeal, or a showing that appellant is in jail, we are without jurisdiction of this misdemeanor appeal.

The appeal is dismissed.